# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION H-15-638 |
| v. | § | |
| | § | CIVIL ACTION H-17-1829 |
| DANYELL BERNICE GREEN | § | |

### MEMORANDUM OPINION AND ORDER

Defendant Danyell Bernice Green, proceeding *pro se*, filed this motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (Docket Entry No. 101). Because it plainly appears that she is not entitled to relief, the Court concludes that the section 2255 motion should be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 proceedings for the United States District Courts.

### *Background and Claims*

Defendant pleaded guilty to one count of aiding and abetting interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and (2). The Court subsequently sentenced her to 78 months imprisonment, followed by a two year term of supervised release. No direct appeal was taken.

The relevant facts as established in the record show that Defendant was the get-away driver for four armed robbers during a "smash and grab" at a pawn shop. Police arrived during the robbery, and two of the armed robbers were shot and killed. Upon seeing the police arrive, Defendant fled in her stolen motor vehicle, leading police on a 100 mile-per-

hour chase while swerving through traffic and running red lights, until her vehicle blew a tire and crashed.

In the calculation of Defendant's sentence under the Sentencing Guidelines, a 7-level increase was added for discharge of a firearm pursuant to U.S.S.G. § 2B3.1(b)(2)(A), along with a 4-level increase pursuant to U.S.S.G. § 2B3.1(b)(4)(A) for abduction of a person to facilitate the commission of the offense. No adjustment was made for Defendant's role in the offense.

Defendant timely filed this section 2255 habeas motion, raising the following claims for reduction of her sentence or re-sentencing:

(1) Because her role in the robbery was limited to driving the get away car, she merited a minor role reduction and should not have received enhancements for use of a firearm and restraint of a person.

(2) Counsel should have moved for a minor role reduction at sentencing.

### *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or

jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## *Analysis*

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (internal citation omitted); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994). Consequently, Defendant's complaints regarding level increases pursuant to U.S.S.G. § 2B3.1(b)(2)(A) and U.S.S.G. § 2B3.1(b)(4)(A) are not cognizable in this proceeding and provide no basis for relief.

Defendant also complains that counsel failed to move for an adjustment for her role in the offense, because hers was a minor role. However, trial counsel filed objections to the PSR and argued that Defendant was entitled to an adjustment for her minor role in the offense:

> Defendant objects to the non-application of U.S.S.G. §3B1.2(b) and its two-level reduction based on her minor role in the offense. The defendant's role in the conspiracy as a whole, including the length of her involvement in it, her relationship with the other participants, and her potential financial gain should be taken into account. The defendant's actions, involvement, and role in the instant offense were limited to driving her co-defendants to the pawn shop. She had absolutely no decision making authority, lacked full knowledge and details of the offense, and had no role in its planning. She had less of a role th[a]n her co-defendants who had firearms and entered the pawn shop. If all other defendants in this case are viewed as average participants, the defendant being far less than average, should be viewed as a minor participant.

(Docket Entry No. 63, p. 4.) However, at the sentencing hearing, the Court overruled this and Defendant's other objections to the sentencing calculations appearing in the PSR, and adopted the PSR. (Docket Entry No. 89.) Thus, this Court rejected Defendant's argument for entitlement to a minor role adjustment at sentencing, and Defendant establishes neither deficient performance nor actual prejudice.

The Court did, however, grant Defendant's motion for a variance in order to avoid unwarranted sentencing disparities among the defendants in this case. *See* 18 U.S.C. § 3553(a)(6). The Court "consider[ed] the defendant's lack of significant criminal history," but also noted that it "consider[ed] that a firearm was brandished during the instant offense so as to remain consistent with the Court's findings as they pertain[ed] to the co-defendant." (Docket Entry No. 91.) Although the sentencing guideline range for Defendant was 97 to 121 months, the Court imposed a much lower sentence of only 78 months. Defendant does not show that, but for error on the part of counsel at sentencing, there is a reasonable probability that she would have received an even lower sentence.

4

*Conclusion*

Defendant's section 2255 motion for relief (Docket Entry No. 101) is DISMISSED. A certificate of appealability is DENIED. The Court's Order to Answer (Docket Entry No. 106) is ORDERED WITHDRAWN. Civil Action No. H-17-1829 is ORDERED ADMINISTRATIVELY CLOSED.

Signed at Houston, Texas, on October 23, 2017.

_____
Gray H. Miller
United States District Judge